Dear Mr. Brown:
You advise this office that Mr. Brian Willis serves at the Director of Solid Waste for Iberville Parish, and that Mr. Michael Hebert serves as Building Inspector for Iberville Parish. These positions are held on a full-time basis.[1] Both men hold elected office as members of the Iberville Parish School Board. You ask if these facts present a violation of the Dual Officeholding and Dual Employment laws, R.S. 42:61, et seq.
The prohibition of law implicated by these facts is R.S. 42:63(D), which provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. Wo such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . (Emphasis added).
R.S. 42:63(D) prohibits an elected official from holding any employment, whether part-time or full-time, in the same political subdivision in which he holds elective *Page 2 
office. An elected official is also prohibited from holding full-time appointive office in any political subdivision of the state.
The school board and the parish are separate political subdivisions, as defined by R.S. 42:62(9).[2] Thus, the determinative issue is whether these men hold positions of employment or appointive office as defined by the dual-officeholding law. In the positions are considered positions of employment, no violation occurs as the elected office is held in a separate political subdivision. If the positions are full-time appointive offices, the statute prohibits the concurrent holding of elected office.
The pertinent definitions are set forth in R.S. 42:62 as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
In order for the positions of director of solid waste and building inspector to be considered "appointive offices" each position must be"specifically established . . . by the charter or ordinances" of the parish and be "filled by appointment or election by an elected orappointed public official or by a governmental body . . .". The fact that the parish president "appoints" these positions is not sufficient to characterize a position as an appointive office for purposes of dual-officeholding. Were that the case, all parish government employees would hold appointive office, as the parish president is empowered to "appoint" or hire parish employees. See Art. Ill, Section 3-09(A)(2) of the Iberville *Page 3 
Parish Home Rule Charter. For a position to be considered an appointive office, the position must be specifically established by the laws of this state, or specifically authorized by the charter or ordinances of a political subdivision thereof, here Iberville Parish; the appointment of the position by a public official or governmental body is done in conjunction with the creation of the position by statute, ordinance, or charter provision.
Our review of the provisions of the Iberville Parish Home Rule Charter and Code of Ordinances indicates that there is no provision specifically creating either position of Director of Solid Waste or Building Inspector. (In contrast, we attach a copy of Opinion 06-0218, concluding that the Iberville Parish Finance Director did hold full-time appointive office under the terms of the parish charter, and could not also serve as elected school board member).
It is the opinion of this office that Mr. Willis and Mr. Hebert hold positions of employment with the parish for purposes of the dual officeholding and dual employment statutes. Neither individual violates the law by continuing to serve as elected members of the school board.
We hope that the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. PATRICK
 ASSISTANT ATTORNEY GENERAL
KLK:arg *Page 4 
 ATTACHMENT OPINION 06-0218 October 20, 2006.
Mr. Randall W. Dunn. Attorney General of Louisiana — Opinion.
78 DUAL OFFICEHOLDING
R.S. 42:63(D), R.S. 42:62(2), R.S. 42:62(4)
Individual is prohibited from holding both full time appointed office as parish finance director and the local elected office of parish school board member.
Mr. Randall W. Dunn 58115 Elm Street Plaquemine, LA 70764
Dear Mr. Dunn:
You asked this office to advise whether the Finance Director of Iberville Parish may also hold an elected office as member of the Iberville Parish School Board.
R.S. 42:63(D) governs our response and provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The Finance Director holds "appointive office" as defined by R.S.42:62(2) because the position is one that is "specifically established . . . by the charter . . . of any political subdivision . . . which is filled by appointment . . . by an elected or appointed public official or by a governmental body composed of such officials . . .". The Iberville Parish Charter creates the position of Finance Director in Article IV, Section 4-04 providing in part:
Section 4-04 Department of Finance.
 A. The director of the Department of Finance, at the time of appointment, shall be a Certified Public Accountant and have at least five (5) years experience in a responsible managerial or administrative fiscal position. *Page 5 
The position is one which is "appointed by the President, subject to Council approval" and further the Finance Director "shall serve at the pleasure of the President." See Iberville Parish Charter at Article IV, Section 4-01 (B).
The position is held on a full-time basis, as provided by R.S.42:62(4) defining "full time" as "the period of time which a person normally works . . . in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work."
Because of the prohibition set forth in R.S. 42:63(D), a person may not concurrently hold a full time appointive office while serving as elected school board member. Thus, you may not legally hold the position of Finance Director for the parish and serve as parish school board member.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62 provides definitions for "part-time" and "full-time" positions as follows:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
[2] R.S. 42:62(9) states:
(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.